IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:13-560-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Jerry Jackson, Jr., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant raises a single Ground for Relief asserting ineffective assistance of counsel. The Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant has responded to the Government's motion[1] and this matter is ripe for resolution.

**I. BACKGROUND**

On June 18, 2013, Defendant was indicted in this District for conspiracy to distribute 280 grams or more of cocaine base in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846 (Count 1) and possession with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2 (Count Two). On July 16, 2013, the Government filed an Information pursuant to 21 U.S.C. § 851 notifying Defendant that based upon certain prior convictions, he faced enhanced penalties. On December 3, 2013, Defendant pleaded guilty to Count One of the Indictment pursuant to a written plea

---

[1] Defendant also filed a motion to amend his response. ECF No. 130. That motion is granted and the argument contained in it has been considered by the court.

agreement. During the Rule 11 hearing, court reviewed the plea agreement with Defendant, including the applicable penalties, Defendant's waiver of his right to file a direct appeal or to contest his sentence under 28 U.S.C. § 2255 absent a claim of ineffective assistance of counsel or prosecutorial misconduct. the factual background, and the parties' stipulation regarding a proposed 300 month sentence of imprisonment. Under oath, Defendant admitted that he had entered into an agreement with his co-defendant, that he was aware there were over 280 grams of "crack" cocaine in the rental vehicle when he was arrested, and that he willfully agreed to assist in the distribution of the "crack" cocaine. The court found that Defendant understood the terms of the plea agreement, that Defendant was competent to enter the plea, and that Defendant's plea was knowing and voluntary, and adjudged Defendant guilty of Count One of the Indictment.

A Presentence Report (PSR) was prepared in anticipation of sentencing. On March 4, 2014, Defendant appeared for sentencing. After granting Defendant's motion for variance sentence, Defendant was sentenced to 300 months' imprisonment, which was the agreed-upon sentence in the plea agreement made between Defendant and the Government.

On February 20, 2015, Defendant mailed his motion for relief under 28 U.S.C. § 2255 to the Clerk of Court for filing. Defendant's motion was received by the Clerk on February 23, 2015.

## II. STANDARD

Defendant contends that he received ineffective assistance of counsel. The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's

conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. A reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. *See also Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).

The same two-part test applies in the context of cases in which a defendant entered a guilty plea. But because "[p]lea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks," strict adherence to the deferential *Strickland* standard is "all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Premo v. Moore*, 562 U.S.115, 126 (2011). To establish prejudice in the context of a guilty plea Defendant must show that "there is a reasonable probability that, but for counsel's error, [Defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "The added uncertainty that results when there is no extended formal record and no actual history to show how the charges have played out at trial works against the party alleging inadequate assistance." *Premo*, 562 U.S. at 132.

An analysis of an ineffective assistance of counsel claim can initially focus on the prejudice prong of the *Strickland* test, as "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

### III. DISCUSSION

Defendant argues that counsel was ineffective in two respects: in failing to investigate and interview an alibi witness (his co-defendant, Tarris Bouie (Bouie)), and in failing to pursue a selective prosecution claim. For the reasons noted by the Government, with which the court agrees

3

and adopts, Defendant's motion is without merit. It is not reasonable to believe that Bouie's counsel would have allowed Defendant's counsel to interview Bouie. Notwithstanding Bouie's "admission" that the drugs belonged to him, there was overwhelming evidence of Defendant's guilt.

As to Defendant's assertion regarding counsel's failure to pursue a selective prosecution claim, this ineffectiveness allegation fails for the reasons noted by the Government. Among other failings, Defendant has not produced any evidence of invidious intent, and his contention is utterly without merit.

### IV. CONCLUSION

The Government's motion for summary judgment is **granted**, Defendant's motion to amend is granted, and Defendant's motion for relief under 28 U.S.C. § 2255 is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

　　(c)(3) The certificate of appealability . . . shall indicate which specific
　　issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

                                         s/ Cameron McGowan Currie
                                         CAMERON MCGOWAN CURRIE
                                         SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 13, 2015